## WALTER GAGE V. THE STATE.

No. 18701.   Delivered January 27, 1937.
Rehearing Denied March 10, 1937.

The opinion states the case.

*McCall & Broadus,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is driving an automobile upon a public highway while intoxicated; penalty assessed at confinement in the penitentiary for a period of two years and the prohibition against driving a motor vehicle upon the public highways of the State for a term of two years.

The appellant, while driving an automobile upon the public highway, brought about a collision with a truck. The appellant's testimony suggests that it was an accident; also that his physical condition at the time was due to the fact that he was nervous and excited.   However, the State's testimony is to the

effect that he was drunk at the time. The officers found a half-pint bottle containing about two inches of liquor in the car of the appellant at the time of his arrest.

There are no bills of exception challenging the rulings of the court upon the trial of the case.

In overruling the motion for new trial, we think the trial judge committed no error.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists in his motion that, in his statement to the jury as to the law alleged to have been violated, the court below committed fundamental error. We have examined the charge of the court and find nothing to lead us to believe there is any substance in the contention. The testimony showed appellant to be drunk. The trial court told the jury in the charge that if they believed beyond a reasonable doubt that this appellant, at the time in question, was intoxicated, or under the influence of intoxicating liquor, and while so intoxicated he drove a motor vehicle upon a public highway in Jefferson County, they should find him guilty. The court instructed the jury that by the term "intoxicated" is meant that one has taken into his system a sufficient quantity of intoxicating liquor to deprive him of his normal, physical or mental faculties. Nothing in this could inure to the injury of appellant. Nor can we agree that the evidence is not sufficient to support the conviction.

The motion for rehearing is overruled.

*Overruled.*